MEMORANDUM OPINION




No. 04-01-00434-CV



Marci GREEN,


Appellant



v.



CYPRESS FAIRBANKS MEDICAL CENTER HOSPITAL and D. White, R.N.,


Appellees



From the 164th Judicial District Court, Harris County, Texas


Trial Court No. 99-62908


Honorable Martha Hill Jamison, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 26, 2003


AFFIRMED

 Marci Green appeals the trial court's judgment against her in her health care liability claim
against Cypress Fairbanks Medical Center Hospital and D. White, R.N. We affirm.

Factual and Procedural Background


 Green was admitted to the Hospital for emergency treatment of a kidney stone. After being
discharged, Green filed this healthcare liability claim against White and the Hospital (collectively, "the
Hospital").When the case had been on file for one year, the Hospital moved for a no-evidence
summary judgment contending Green had no evidence of duty, breach, or causation. The only
evidence Green submitted in her response was the expert report of Dr. Anjali Jain. In reply, the
Hospital objected to Green's summary judgment evidence as inadmissible, in part because Green had
previously filed Dr. Jain's report in an effort to comply with section 13.01(a)(3) of the Texas Medical
Liability and Insurance Improvement Act. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(a)(3),
(r)(6) (Vernon Supp. 2001). The trial court sustained the Hospital's objections, struck Green's
summary judgment evidence, and rendered judgment in favor of the Hospital.

Discussion


 1. Green first argues the trial court erred in striking her summary judgment evidence
because the Hospital did not pray for this relief. We disagree. In the prayer contained in its reply, the
Hospital asked the trial court to grant its motion for summary judgment and for "such other and
further relief" to which it was justly entitled. This prayer encompasses the order striking Green's
summary judgment evidence. See Anderson v. Teco Pipeline Co., 985 S.W.2d 559, 563 (Tex.
App.-San Antonio 1998, pet. denied). This is particularly true since, in the body of its reply, the
Hospital argued it was entitled to judgment as a matter of law because Green's "summary judgment
evidence is not admissible" in part because her section 13.01(r)(6) affidavit is rendered inadmissible
in a summary judgment proceeding by section 13.01(k); and, therefore, "[i]t is proper for a trial court
to strike a 4590i report submitted in response to a motion for summary judgment. Garcia v. Willman,
4 S.W.3d 307, 310 (Tex. App. - Corpus Christi 1999, no pet.)." Moreover, attached to the Hospital's
reply was a form order on the Hospital's objections to Green's summary judgment evidence; the
decretal paragraph of the order states "ORDRED [sic] that the Objections are hereby SUSTAINED
and the Plaintiff's summary judgment evidence is hereby STRICKEN." Given these circumstances,
we hold the Hospital's prayer for general relief encompasses an order striking Green's summary
judgment evidence.

 2. Green next argues the trial court erred in sustaining the Hospital's objections to her
summary judgment evidence without setting the objections for submission or hearing. However,
Green does not cite, and we are not aware of, any requirement in the Texas Rules of Civil Procedure
or case law requiring a hearing on objections to summary judgment evidence separate and apart from
the summary judgment hearing. 

 3. Green next argues that the trial court erred in failing to afford her an opportunity to
amend her defective summary judgment evidence. We disagree. Green had more than three weeks
in which to file additional evidence - from January 16, 2001, the date on which the Hospital's
objections were filed, until February 19, 2001, the date on which the summary judgment was signed.
At no point during this period did Green seek leave to file additional summary judgment evidence.

 4. Green next argues the trial court erred in denying her second motion for new trial. We
again disagree. The trial court signed the summary judgment on February 19, 2001; accordingly, the
deadline for filing a motion for new trial was March 21. Green filed a motion for new trial on March
21; this motion was denied on May 7. Green attempted to file a second motion for new trial on May
21. This motion was not timely. See Tex. R. Civ. P. 329b(b).

 The judgment is affirmed.


 Sarah B. Duncan, Justice


Publish